UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael J. Geraghty,

    Plaintiff,

v.                                                              Civil No. 11-336 (JNE/TNL)
                                                             ORDER

BAC Home Loans Servicing LP; Mortgage
Electronic Registration Systems, Inc.; John
and Jane Does 1-10,

    Defendants.

---

Jeffrey R. Vesel, Esq., and Andy Dosdall, Esq., appeared for Plaintiff Michael J. Geraghty.

Andre T. Hanson, Esq., and Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski, LLP, appeared for Defendants BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems, Inc.

---

      Plaintiff Michael Geraghty brought this lawsuit against Defendants BAC Home Loans Servicing LP (BAC) and Mortgage Electronic Registration Systems, Inc. (MERS), alleging that Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1635 (2006), by failing to make required disclosures and failing to rescind the subject mortgage upon receipt of Plaintiff's demand for rescission. Pending before the Court is Defendants' motion to dismiss counts I and II of the Amended Complaint. *See* Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiff's claims under TILA are time barred, and if they are not time barred, that they are contradicted by a signed document demonstrating Plaintiff's receipt of all necessary disclosures. Lastly, Defendants argue that Plaintiff's demand for a declaratory judgment should be dismissed because it is premised on non-actionable claims and therefore fails as a matter of law. For the

1

reasons stated below, the Court accepts Defendants' argument that two of the three claims alleged by Plaintiff are time barred and grants in part and denies in part the motion to dismiss.[1]

## I.  ALLEGATIONS

The Amended Complaint alleges as follows:[2] On February 14, 2007, Plaintiff closed a mortgage loan for $332,000 that refinanced his principal dwelling. The loan was through Countrywide Bank, and subsequently, Countrywide's assets and obligations were purchased by Bank of America. BAC is an affiliate of Bank of America. MERS was named as the assignee of the mortgage. Plaintiff signed all documents at the closing but received only single unsigned copies of the Notice of Right to Cancel and the Truth in Lending Disclosure Statement. Plaintiff maintained all document disclosures provided in connection with the transaction in a secure file at his home.

Defendants' memorandum in support of their motion to dismiss under Rule 12(b)(6) included copies of a Notice of Right to Cancel and the Truth in Lending Disclosure Statement signed by the Plaintiff and dated February 14, 2007. (Def.'s Mem. Supp. Mot. to Dismiss Exs. A and C)

On February 11, 2010, Plaintiff sent notice of rescission by letter to Countrywide and BAC. Plaintiff's rescission notice was received by Countrywide on February 12, 2010 and by BAC on February 20, 2010. Defendants responded with letters on March 1, 2010 and March 9,

---

[1] Plaintiff's complaint is divided into two counts. The first count contains all three claims under TILA. Despite the poor organization of count I of the complaint, Defendants addressed all three potential claims in their memorandum in support of their Rule 12(b)(6) motion. The Court notes that Plaintiff's complaint is identical in format and in much of its language to at least one other complaint filed in this district. *See* Complaint, *Tacheny v. Marshall & Ilsley Bank*, No. 10-CV-02067 (D. Minn. Apr. 29, 2011), ECF No. 1.
[2] The facts stated below are as pled in the Amended Complaint unless otherwise annotated.

2010[3] refusing to rescind, and took no other action. Plaintiff brought this action on February 9, 2011.

## II.   DISCUSSION

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).  Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**A.   TILA**

TILA was designed to protect borrowers, and it is "remedial legislation, to be construed broadly in favor of consumers." *Rand Corp. v. Moua*, 559 F.3d 842, 845 (8th Cir. 2009). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The creditor's disclosure obligation, among other things, requires a creditor to provide the borrower with two copies of a

---

[3]   Plaintiff states the response letter from BAC's attorney was dated March 8, 2010 in his Amended Complaint. The actual letter, included as Exhibit 5 to Plaintiff's Amended Complaint, is dated March 9, 2010.

notice of the right to rescind. 12 C.F.R. § 226.23(b) (2009). A violation of the disclosure requirements creates two potential remedies for borrowers. A borrower can seek monetary damages under 15 U.S.C. § 1640 (2006) and can rescind the loan under 15 U.S.C. § 1635 (2006).

  *1.   Monetary Damages*

TILA allows for monetary damages: "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. § 1635(g). A claim for monetary relief must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

In the Amended Complaint, Plaintiff alleges that Defendants committed two violations of TILA for which he is entitled to monetary damages. First, Defendants failed to provide Plaintiff with two copies of the Notice of Right to Cancel at the time of the loan transaction. Plaintiff did not file an action within one year of this violation: he would have needed to file suit by February 14, 2008 in order to preserve that claim. Thus, Plaintiff's claim for monetary damages due to Defendants' failure to make adequate disclosures is time barred.

Second, after receiving Plaintiff's letter of rescission, Defendants failed to rescind the loan. Defendants' second alleged violation did not occur until March 8, 2010, twenty days after Defendants received Plaintiff's letter of rescission.[4] *See* 15 U.S.C. § 1635(b). Failure to rescind constitutes a separate violation of TILA. *See, e.g.*, *Tacheny v. Marshall & Ilsley Bank*, No. 10-CV-2067, 2011 WL 1657877, at *5 (D. Minn. Apr. 29, 2011) ("If defendants acted unlawfully in

---

[4]   Plaintiff agrees to March 8, 2010 as the twentieth day after Defendants received Plaintiff's rescission letter. (Pl.'s Mem. Supp. Pl.'s Opp'n to Def.'s Mot. To Dismiss, at 4, No. 18) The Court notes that Plaintiff used the date March 8, 2011 instead of March 8, 2010 throughout his Memorandum of Law Opposing the Defendants' Motion to Dismiss. The Court assumes this is a typographical error, and Plaintiff intended March 8, 2010.

refusing to rescind the Loan, their refusal was an independent TILA violation." (citing *Miguel v.*

*Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002); *De Vary v. Countrywide Home*

*Loans, Inc.*, 701 F. Supp. 2d 1096, 1103 (D. Minn. 2010))).

Plaintiff sent his notice of rescission on February 11, 2010, within the three-year statute

of repose. Twenty days passed on March 8, 2010, and Plaintiff filed this lawsuit on February 9,

2011. As this is within one year of Defendants' alleged TILA violation, Plaintiff timely brought

the damages claim. As to Plaintiff's claim for monetary damages due to Defendants' alleged

March 8, 2010 violation of TILA, the motion to dismiss as time barred is denied.

2.      *Rescission*

Plaintiff alleges that he has the right to rescind the loan based on Defendants' failure to

properly disclose. A residential mortgage debtor has three days after the loan transaction to

rescind for any reason.  15 U.S.C. § 1635(a). But a creditor's failure to comply with the

disclosure provisions in 15 U.S.C. § 1635 "extends the debtor's right to rescind for up to three

years following the transaction." *Rand Corp.*, 559 F.3d at 846.  Thus, only a subset—probably a

small subset, unless non-compliant TILA disclosures have been rampant—of borrowers will

qualify for the three-year right of rescission. Plaintiff claims to be a member of this subset and

claims that because he sent Defendants a notice of rescission letter within three years of the loan

transaction, his four-year post-transaction lawsuit was timely pled. At issue in this case is what

action is required to exercise the right of rescission under 15 U.S.C. § 1635: Is extending a letter

enough, or must a suit be filed within the three years?

The Eighth Circuit is one of many Circuits yet to address whether a borrower who has

filed a notice of rescission within three years of closing may then file a lawsuit to enforce that

right after the expiration of the three-year statute of repose. Among courts to have faced the

precise issue, there is a split. The majority hold that suit must be filed within the three-year time period. *See, e.g.*, *Williams v. Wells Fargo Home Mortg., Inc.*, 410 F. App'x 495, 499 (3d Cir. 2011) ("[A] legal action to enforce the right must be filed within the three-year period or the right will be 'completely extinguishe[d].'" (citation omitted)); *accord Rosenfeld v. HSBC Bank, USA*, No. 10-CV-00058, 2010 WL 3489926, at *5 (D. Colo. Aug. 31, 2010); *Gilbert v. Deutsche Bank Trust Co. Ams.*, No. 09-CV-181-D, 2010 WL 2696763, at *5 (E.D.N.C. July 7, 2010); *Sam v. Am. Home Mortg. Servicing*, No. 09-CV-2177, 2010 WL 761228, at *2 (E.D. Cal. Mar. 3, 2010). Others hold that TILA's three-year limit does not apply to the filing of a lawsuit. *See In re Hunter*, 400 B.R. 651, 662 (Bankr. N.D. Ill. 2009) ("TILA does not require the consumer to file a lawsuit to exercise the right to rescind."); *accord Stewart v. BAC Home Loans Servicing, LP*, No. 10-CV-2033, 2011 WL 862938, at *5 (N.D. Ill. Mar. 10, 2011); *Pearce v. Bank of Am. Home Loans*, No. 09-CV-3988, 2010 WL 2348637, at *4 (N.D. Cal. June 8, 2010); *Santos v. Countrywide Home Loans*, No. 09-CV-00912, 2009 WL 2500710, at *5 (E.D. Cal. Aug. 14, 2009).[5]

This Court sides with the majority: a legal claim for rescission under 15 U.S.C. § 1635 must be filed within the three-year statute of repose. This approach is most consistent with the Supreme Court's unanimous opinion in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998). In *Beach*, the Supreme Court held that a borrower could not claim a right of rescission as an affirmative defense outside of the three-year statutory window. *Id.* at 417-18. The plaintiffs in

---

[5]  Plaintiff argues that *Belini v. Washington Mutual Bank, FA*, 412 F.3d 17 (1st Cir. 2005), stands for the proposition that a suit for rescission may be filed after three years. But *Belini* only—and explicitly—concerns monetary damages, not rescission. *Id.* at 17. Plaintiff also points to *Hartman v. Smith*, No. 09-CV-01618, 2010 WL 3735724 (D. Minn. Sept. 17, 2010). In the *Hartman* case, a claim for rescission was rejected because the plaintiffs did not have the requisite ownership interest in the property. *Id.* at *9. The Court does not find *Hartman* persuasive on the issue squarely before this Court.

*Beach* conceded that they could not bring an independent action as three years had passed since the loan closing, and the Supreme Court did not contend otherwise. *Id.* at 415. The Court went further and determined that the three-year limit in § 1635(f) limits the duration of the right. *Id.* at 417. It stated:

> [Section 1635(f)] says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id*. The Court concluded that "the Act permits no federal right to rescind, defensively *or otherwise*, after the 3-year period of § 1635(f) has run." *Id.* at 419 (emphasis added). The Third Circuit, citing *Beach*, stated "the Court implicitly recognized that any claim for rescission under § 1635 must be filed within the three-year period." *Williams*, 410 F. App'x at 499. The Ninth Circuit also relied on *Beach* in holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period. Because [Plaintiff] did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind expired." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002). Although *Miguel* contained a factual twist,[6] the majority of the district courts within the Ninth Circuit have relied on the *Miguel* reasoning to deny rescission after the three-year period of repose in cases where the fact patterns are similar to the one at issue in this case. *See, e.g.*, *Sam*, 2010 WL 761228, at *2; *Gates v. Wachovia Mortg., FSB*, No. 09-CV-02464, 2010 WL 902818, at *4 (E.D. Cal. Feb. 19, 2010); *Falcocchia v. Saxon Mortg., Inc.*,

---

[6]  In *Miguel*, the plaintiff provided notice and filed suit prior to the end of the three-year period, but she failed to sue her actual creditor. 309 F.3d at 1162-63. When the plaintiff eventually sued the correct party, after the three-year time period, the court held that the statute of repose creates an absolute limit on rescission. *Id.* at 1164-65.

709 F. Supp. 2d 860, 867-69 (E.D. Cal. 2010); *Ramos v. Citimortgage, Inc.*, No. 08-CV-02250, 2009 WL 86744, at *3 (E.D. Cal. Jan. 8, 2009); *Caligiuri v. Columbia River Bank Mortg. Grp.*, No. 07-CV-3003, 2007 WL 1560623, at *5 (D. Or. May 22, 2007). *But see Pearce*, 2010 WL 2348637, *4; *Santos*, 2009 WL 2500710, at *5.

The plain language of TILA and the associated regulations support rejecting suits for rescission filed outside of the three-year window. The statute provides that the "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). It goes on to provide an exception to that time limitation, but that is for recoupment. 15 U.S.C. § 1635(i)(3). "[R]ecoupment of damages and rescission in the nature of recoupment receive unmistakably different treatments, which under the normal rule of construction are understood to reflect a deliberate intent on the part of Congress." *Beach*, 523 U.S. at 418. Congress's exclusion of other exceptions to the three-year limit and the absence of a time limit other than the three-year bar further indicate that Congress intended the right of rescission to expire at three years.

Regulation Z states that "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23 (2009). "Mere invocation without more, however, will not preserve the right beyond the three-year period." *Williams*, 410 F. App'x at 499. Because § 1635(f) is, after *Beach*, unquestionably a statute of repose, notification may be sufficient to invoke the right of rescission but a lawsuit to enforce the right must still be filed prior to the end of the three-year period.[7] The

---

[7] Unlike a statute of limitations, which begins to run at the time of an injury or discovery of an injury, a statute of repose expires after the stated period of time regardless of whether the grounds to assert a claim have emerged. *See In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199-200 (3d Cir. 2007) ("[S]tatutes of repose start upon the occurrence of a specific event and may expire before a plaintiff discovers he has been wronged or even before damages have been

Supreme Court decided that the three year window was more (not less) than the time for bringing a suit: "Section 1635(f), however, takes us beyond any question whether it limits *more* than the time for bringing a suit, by governing the life of the underlying right *as well*." *Beach*, 523 U.S. at 417 (emphasis added).

Plaintiff's proffered interpretation creates the additional problem of an indefinite time in which to bring a suit for rescission. The courts allowing rescission after the three-year period have typically borrowed a one-year statute of limitations from 15 U.S.C. § 1640(e). *See, e.g.*, *In re Hunter*, 400 B.R. at 662. Although this solves the indefiniteness problem, it is not at all clear that this is what Congress intended: § 1640(e) speaks to monetary damages and not to rescission. Congress chose to treat rescission and claims for monetary damages separately, and differently. "*[I]n addition to rescission* the court may award relief under section 1640 of this title for violations of this subchapter *not relating to the right to rescind*." 15 U.S.C. § 1635(g) (emphasis added). It seems doubtful that Congress intended to allow stacking of the limitation periods in § 1635(f) and § 1640(e) where the statutory language specifies that they are separate and distinct remedies. "'When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability.'" *Miguel*, 309 F.3d at 1164 (quoting *Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir. 1998); *accord Shendock v. Dir., Office of Workers' Comp. Programs,* 893 F.2d 1458, 1462 (3d Cir. 1990)). Mindful of the Supreme Court's observation about the "unmistakably different treatment[]" of damages and rescission, the more straightforward statutory construction is that Congress intended the three-year time limit to apply

---

suffered at all."); *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995) ("[A statute of repose] operates as a statutory bar independent of the actions (or inaction) of the litigants—often before those litigants can even be identified."). A statute of repose is more categorical than a statute of limitations. *See In re Exxon Mobil*, 500 F.3d at 200 ("[S]tatutes of repose pursue similar goals as do statutes of limitations (protecting defendants from defending against stale claims), but strike a stronger defendant-friendly balance.").

to the lawsuit. *Beach*, 523 U.S. at 418. Otherwise the Court would be reading into the statute a three-year limit (for a letter) followed by a further limit that is either entirely indefinite or else borrowed from § 1635(f)'s statutory neighbor, § 1640(e), in which to bring suit.

As the Court recognized in *Beach*, allowing a borrower to unilaterally rescind a loan negatively affects the certainty of title in a foreclosure sale. 523 U.S. at 418-19 ("Since a statutory right of rescission could cloud a bank's title on foreclosure, Congress may well have chosen to circumscribe that risk."). Allowing title uncertainty to drag on past an already generous period, where the plaintiff may not even belong to the subset of borrowers who qualify for the extended right of rescission, runs counter to this important policy concern. It is not accurate to say without qualification that borrowers, after three days, have a "right" of rescission. While TILA gives any borrower three days to rescind, only a subset of those borrowers—those who did not receive adequate disclosures regarding their right of rescission—qualify for the extended three-year statute of repose. In order to determine disputes about whether a particular plaintiff falls into the three-day or three-year category, court action will likely be necessary. It is unlikely that Congress intended parties—some number of whom will not ultimately turn out to have qualified for the extended three-year right of rescission—to be permitted to accomplish rescission three years after the loan closing merely with a letter. This, along with the Supreme Court's holding in *Beach* that, § 1635(f) is unavailable as an affirmative defense after three years from closing, lends further support to the majority view that Congress intended that any lawsuit to enforce the right of rescission be brought within the three-year repose period.

Taking the facts alleged in the complaint as true, Plaintiff did not receive two copies of the notice of his right to rescind thereby triggering the three-year statute of repose for rescission of the loan. Plaintiff sent notice of rescission to Defendants on February 11, 2010, within three

years of the loan transaction. But Plaintiff did not initiate a lawsuit to enforce rescission until February 9, 2011, close to one year after the expiration of the three-year statute of repose and almost four years following the loan transaction. Plaintiff did not bring a lawsuit to enforce his right of rescission within the three-year statutory period. Based on the foregoing reasons, Plaintiff's claim for rescission is time barred under 15 U.S.C. § 1635(f).

**B.     Defendants' Signed Documents Contradicting Plaintiff's Claim**

Defendants submit a Notice of Right to Cancel signed by Plaintiff acknowledging that he received two copies of the notice of his right to rescind. (Decl. McGregor Ex. C) Relying on this acknowledgment, Defendants argue this document contradicts Plaintiff's claim that he only received one unsigned copy of the notice. A signature on a document acknowledging receipt "does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). Defendants may ultimately prevail on this argument, but it is premature. In ruling on a motion to dismiss under Rule 12(b)(6), the Court may not consider matters outside of the pleadings and must treat the factual allegations in the complaint as true. *See Crooks*, 557 F.3d at 848. Plaintiff will need an opportunity to rebut the presumption of receipt created by Defendants' signed acknowledgement. This factual debate is not appropriate under a Rule 12(b)(6) motion. The Amended Complaint alleges that Plaintiff did not receive two signed copies of the notice of his right to rescind. The Court must assume that this allegation is true, and thus the Court cannot dismiss Plaintiff's claims on the basis of the signed acknowledgment provided by Defendants.

**C.     Declaratory Judgment**

A federal court may declare the rights of interested parties "[i]n a case of actual controversy." 28 U.S.C. § 2201(a) (2006). "In general, an actual controversy is 'a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651, 653 (8th Cir. 1996) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Defendants argue that Plaintiff's demand for declaratory judgment fails as a matter of law because he cannot show violations of TILA or Regulation Z and hence an actual controversy. Again, this may prove to be correct. But at this early stage of the case, it must be assumed that the facts pled by Plaintiff are true. Thus, Defendants' motion to dismiss based on the argument that Plaintiff did in fact receive all required disclosures must be denied.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, Defendants' motion to dismiss Plaintiff's First Amended Complaint [Docket No. 11] is GRANTED IN PART and DENIED IN PART. IT IS ORDERED THAT:

1. Plaintiff's claim for rescission of his loan is DISMISSED.

2. Plaintiff's claim for monetary damages due to Defendants' failure to disclose at the time of the loan transaction is DISMISSED.

3. Defendants' motion to dismiss Plaintiff's claim for monetary damages due to Defendants' failure to rescind within twenty days of receipt of notice and motion to dismiss Plaintiff's demand for declaratory judgment are DENIED.

Dated: September 7, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge