UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael J. Geraghty,

    Plaintiff,

v.

BAC Home Loans Servicing LP; Mortgage
Electronic Registration Systems, Inc.; John
and Jane Does 1-10,

    Defendants.

Civil No. 11-336 (JNE/TNL)
ORDER

---

    Plaintiff Michael Geraghty brought this lawsuit against Defendants BAC Home Loans Servicing LP (BAC) and Mortgage Electronic Registration Systems, Inc. (MERS), alleging that Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1635 (2006), by failing to make required disclosures and then failing to rescind the subject mortgage upon receipt of Plaintiff's demand for rescission. Pending before the Court is Plaintiff's motion requesting the Court to direct entry of a final judgment on Plaintiff's previously dismissed claims. The Court denies Plaintiff's motion pursuant to Federal Rule of Civil Procedure 54(b).

## I.    BACKGROUND

    Plaintiff alleges that on February 14, 2007, he closed a mortgage loan for $332,000 that refinanced his principal dwelling. The loan was through Countrywide Bank, and subsequently, Countrywide's assets and obligations were purchased by Bank of America. BAC is an affiliate of Bank of America. MERS was named as the assignee of the mortgage. Plaintiff asserts that he signed all documents at the closing but received only single unsigned copies of the Notice of Right to Cancel and the Truth in Lending Disclosure Statement. On February 11, 2010, Plaintiff sent notice of rescission by letter to Countrywide and BAC. Defendants responded with letters

1

on March 1, 2010 and March 9, 2010 refusing to rescind. Plaintiff brought this action on February 9, 2011.

In an Order dated September 7, 2011, the Court granted in part and denied in part Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court found Plaintiff's claims for rescission and monetary damages due to Defendants' alleged failure to properly disclose barred by TILA's statute of limitations. Plaintiff's claim for monetary damages based on Defendants' refusal to rescind and his demand for a declaratory judgment remain. Plaintiff now seeks a final judgment as to the dismissed claims.

## II.  DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

When determining whether there is no just reason for delay, a court "must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)). Certification should be granted only if delay would cause some danger of hardship or injustice which would be alleviated by an immediate appeal. *Id.* Rule 54(b) appeals are disfavored where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011) (quoting *Huggins v. FedEx Ground Package Sys., Inc.*, 556 F.3d 771, 775 (8th Cir. 2009)). The interest in appellate efficiency requires claims with the same nucleus of fact to be resolved

in a single appeal. *Interstate Power Co.*, 992 F.2d at 807. Although courts look at a variety of factors in determining whether to certify a judgment pursuant to Rule 54(b), the relationship between the adjudicated and unadjudicated claims can be dispositive. *Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983). Other relevant factors include whether review by an appellate court may be mooted by future determinations of the district court, whether the reviewing court may have to consider the same issue twice, and other miscellaneous factors. *Id.*

Plaintiff argues that his claims for rescission, which were dismissed, are distinct and separate from his remaining claim for monetary damages. But all of Plaintiff's claims under TILA are based on Defendants' alleged failure to provide two signed copies of the Notice of Right to Cancel and the Truth in Lending Disclosure Statement. Although Plaintiff claims that this failure to disclose results in two separate violations of TILA, the factual basis for both violations is whether Plaintiff received the proper disclosures. Thus, the rescission and monetary damages claims that were dismissed, as well as the remaining claim for monetary damages and demand for declaratory judgment, all hinge on the disclosure issue. The interests of judicial economy and concerns that a later district court decision on the disclosure issue could render an opinion of the court of appeals moot, weigh in favor of resolving this underlying factual issue at the district court prior to potential appeals on any of Plaintiff's claims. Because the adjudicated and unadjudicated claims stem from the same nucleus of fact, a Rule 54(b) entry of judgment is inappropriate.

Furthermore, this motion is the first time Plaintiff has shown concern about delay. Defendants' alleged failure to properly disclose under TILA occurred in February 2007. Plaintiff first complained of Defendants' lack of disclosure three years later in a February 2010 letter to Defendants. Plaintiff then waited almost a year to file this lawsuit. This timeline does not

indicate that delay is a concern or that immediate appeal is necessary to ward off injustice. Indeed, Plaintiff and his attorney recently failed to appear at his initial pretrial scheduling conference in this case. Ten days later, Plaintiff filed this Rule 54(b) request in order to further justice by avoiding delay. The Court is not persuaded that justice requires Plaintiff to have an immediate opportunity to appeal. As Plaintiff does not appear to have been concerned with delay until now, he can wait to bring any potential appeals until after adjudication of his remaining claims by this Court.

Plaintiff argues that because there is a circuit split regarding the interpretation of the statute of limitations in 15 U.S.C. § 1635 and the United States Court of Appeals for the Eighth Circuit has not considered the issue, the Court should issue a final judgment on Plaintiff's rescission claims. Plaintiff offers no case law supporting his assertion that a circuit split is a valid consideration in granting a Rule 54(b) request. The presence of a circuit split in an unsettled area of law does not lead the Court to the conclusion that Plaintiff's claims should be rushed to the court of appeals piecemeal.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, Plaintiff's motion requesting a final judgment pursuant to Rule 54(b) [Docket No. 30] is DENIED. IT IS ORDERED THAT:

1. Plaintiff's request for entry of a final judgment on claims one and two is DENIED.

Dated:  December 29, 2011

            s/ Joan N. Ericksen
            JOAN N. ERICKSEN
            United States District Judge